UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DENISE FREEMAN,** : | |
| Plaintiff, : | |
| : | |
| v. : | No. 19-cv-4336 |
| : | |
| **ALLENTOWN SCHOOL DISTRICT,** : | |
| Defendant. : | |

**MEMORANDUM**

Joseph F. Leeson, Jr.                                                               September 30, 2019
**United States District Judge**

This matter comes before the Court by way of a Complaint (ECF No. 2), lodged by Plaintiff Denise Freeman, proceeding *pro se*. Also before the Court is Freeman's Application to Proceed *In Forma Pauperis* (ECF No. 1). Because it appears that Freeman is unable to afford to pay the filing fee, the Court will grant her leave to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.    FACTS**[1]

Freeman resides in Allentown, Pennsylvania, where her nine-year-old daughter[2] attends elementary school in the Allentown School District. Although the first page of Freeman's submission contains a caption, names the Allentown School District as a Defendant, and is

---

[1] The facts set forth in this Memorandum are taken from the Complaint Freeman lodged with the Court (ECF No. 2), and all the documents and exhibits attached thereto.

[2] In her Application to Proceed *In Forma Pauperis*, Freeman identifies the child mentioned in the Complaint as one of four "grandchildren" who rely upon Freeman for support. (ECF No. 1 at 3.) However, in the Complaint itself, Freeman refers to the same nine-year-old girl as "my child[.]" (ECF No. 2 at 1, 14.) For ease of reference, the Court refers to the nine-year-old girl identified by Freeman as her daughter throughout this Memorandum.

entitled "Complaint", the remainder of the document is styled as a letter directed "To the Honorable Judges of the United States District Court" with the subject line "Re: Concerned with the Health and Welfare of my child[.]" (ECF No. 2 at 2.) The letter, which references 18 U.S.C. § 3509 at the outset, discusses Freeman's general concern regarding: (1) the conditions under which her daughter took a placement test for fifth grade and the results of that test; (2) whether her daughter was placed in the appropriate class and grade commensurate with her abilities; (3) Freeman's alleged inability to obtain various records regarding her daughter from the School District in a timely manner; and (4) various social interactions her daughter has had with classmates and teachers since the time she was in Kindergarten through fourth grade. It appears that the relief Freeman seeks is: (1) to know where her daughter has been "placed" in school and if she is continuing with advanced classes; and (2) to receive her daughter's Pennsylvania System of School Assessment ("PSSA") test results from the test administered in the spring of 2019 when her daughter was in fourth grade. (ECF No. 2 at 13.)

## II.     STANDARD OF REVIEW

The Court will grant Freeman leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, the Complaint fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations and generalized statements

do not suffice to state a claim. *See id.* As Freeman is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

A district court may also dismiss a complaint for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, ___ F.3d ___, Civ. A. No. 17-3480, 2019 WL 4265187, at *14 (3d Cir. Sept. 10, 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 2019 WL 4265187, at *16 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* The important consideration for the Court is whether, "a pro se complaint's language … presents cognizable legal claims to which a defendant can respond on the merits." *Id.*

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.; see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its

true substance, if any, is well disguised.'" *Garrett*, 2019 WL 4265187, at *17 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III. DISCUSSION

Freeman's Complaint fails to comply with the Federal Rules of Civil Procedure and fails to state a claim. At the outset, Freeman's Complaint does not comply with Federal Rule of Civil Procedure 8. Although the caption on her Complaint names the Allentown School District as a Defendant in this action, the remainder of Freeman's document fails to set forth facts in numbered paragraphs which explain how the Allentown School District or any other individual or entity is liable to her, nor does she articulate any requests for legal relief. To the contrary, Freeman appears to be alerting the Court to concerns about her child and the circumstances of her child's education rather than setting forth a legal dispute within this Court's jurisdiction. *See Doe ex rel. Doe v. Lower Merion Sch. Dist.*, 665 F.3d 524, 542 (3d Cir. 2011) (recognizing that "'Article III of the Constitution restricts the "judicial power" of the United States to the resolution of cases and controversies.'") (quoting *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State*, 454 U.S. 464, 471 (1982).

The Court has carefully reviewed the assertions set forth in the Complaint, and even under the most liberal construction, the Complaint's language does not present cognizable legal claims to which a defendant can respond on the merits. *Garrett*, 2019 WL 4265187, at *16. The Court has rigorously attempted to sift through the vague, repetitious, and extraneous information Freeman included in the Complaint to find a cognizable legal claim. The Court is cognizant of its duty to construe *pro se* pleadings liberally and recognizes that such pleadings should be held to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Where a court

"can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110; *see also United States v. Peppers*, 482 F. App'x 702, 704 (3d Cir. 2012) (observing that "[w]hile a court must construe a pro se litigant's pleadings liberally, … it need not act as his advocate[.]") (citations omitted). The Court should not attempt to rewrite the pleadings to include claims that were never presented, nor must the Court "explore exhaustively all potential claims of a *pro se* plaintiff[.]" *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). In this instance, despite a liberal reading, the Court simply cannot reasonably construe Freeman's Complaint to state a plausible claim on which she could prevail, and the Court cannot allow this case to proceed.[3]

---

[3] The Court notes that this action represents the seventh action that Freeman has filed in this District naming either the Allentown Board of Education or the Allentown School District as the sole Defendant since 2010. Much like the present matter, nearly all of these prior actions appear to be attempts to share with the Court Freeman's general concerns regarding the education of various children for whom she is responsible. None of these cases have set forth a cognizable legal claim, sought relief that is legal in nature, or required the Court to resolve a legal dispute between Freeman and the Allentown School District. Nearly all of these cases appear to seek records or other relief that could only be obtained by making such requests directly to the School District, rather than the Court.

Moreover, each of these cases has been dismissed pursuant to 28 U.S.C. § 1915. *See, e.g.*, (1) *Freeman v. Allentown Bd. of Educ.*, Civ. A. No. 10-676 (ECF No. 2, Mar. 18, 2010) (dismissal pursuant to 28 U.S.C. § 1915(e) where complaint form was blank and therefore failed to state a basis for federal subject matter jurisdiction or a plain statement of the claim showing entitlement to relief); (2) *Freeman v. Allentown Sch. Dist.*, Civ. A. No. 11-2408, 2011 WL 1598980, at *2 (E.D. Pa. Apr. 28, 2011) (dismissal with prejudice pursuant to § 1915(e) for failure to state a claim where Freeman made general allegations that her then eighteen-year-old daughter did not receive adequate academic support to ensure she earned a good grade); (3) *Freeman v. Allentown Sch. Dist.*, Civ. A. No. 14-1944 (ECF No. 3, Apr. 10, 2014) (dismissal without prejudice for failure to provide sufficient financial information for court to consider her

5

Additionally, to the extent Freeman is raising claims based on any injuries suffered by her daughter, Freeman lacks standing, as she may not raise claims based on injuries to sustained by another. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" (quotations omitted)); *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (a *pro se* litigant who is not an attorney may not pursue claims on behalf of anyone other than himself). Freeman also references 18 U.S.C. § 3509, which sets forth the rights of child victims and child witnesses in federal criminal matters. However, § 3509 does not provide Freeman with a private cause of action. *See Cent. Bank of Dover, N.A. v. First Interstate*

---

motion to proceed *in forma pauperis* with respect to a complaint seeking to allege general educational concerns regarding Freeman's then ten-year-old daughter, her progress in school and her placement in accelerated versus regular classes); (4) *Freeman v. Allentown Sch. Dist.*, Civ. A. No. 15-59 (ECF No. 2, Jan. 14, 2015) (dismissal of Freeman's complaint with prejudice as frivolous pursuant to § 1915(e)(2)(B)(i) and finding that there was no legal basis for the claims where Freeman complained about failing to receive school records in a timely manner pertaining to her then six-year-old daughter, and further complained of general dissatisfaction with her daughter's kindergarten report card); (5) *Freeman v. Allentown Sch. Dist.*, Civ. A. No. 17-4142 (ECF No. 2, Oct. 4, 2017) (dismissal without prejudice under § 1915(e)(2)(B)(i) where Freeman sought "protection from harm to [her] children in the educational system"); (6) *Freeman v. Allentown Sch. Dist.*, Civ. A. No. 18-5093, 2018 WL 6258598 (E.D. Pa. Nov. 29, 2018) (dismissal pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim where Freeman's complaint discussed general concerns regarding the declining school performance of her then fifteen-year-old daughter, as well as a jaw injury, finding that the Court could not discern any clear basis for legal relief in the filing).

The "All Writs Act, 28 U.S.C. § 1651(a), authorizes district courts to, among other things, restrict the access to federal courts of parties who repeatedly file frivolous litigation." *Mallon v. Padova*, 806 F. Supp. 1189, 1192-93 (E.D. Pa. 1992) (citing *Abdul-Akbar v. Watson*, 901 F.2d 329, 332 (3d Cir.), *cert. denied*, 498 U.S. 806 (1990). As set forth above, Freeman's filing history in this District is — while not *per se* abusive compared to other repeat filers — is troublesome. Freeman is hereby put on notice that if she continues to file new cases of the same or a similar nature against the Allentown School District without alleging a cognizable legal claim, the Court may be forced to restrict Freeman's future access to the Court and subject Freeman to a pre-filing injunction, after the Court first provides Freeman with notice and an opportunity to be heard.

6

*Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]").

As the Court cannot discern any cognizable basis for a claim from Freeman's filing, and as the filing fails to comply with the Rules of Civil Procedure, the Court will dismiss the Complaint without prejudice. An appropriate Order follows.

**BY THE COURT:**


*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.
United States District Judge**